101 F.3d 681
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Sadie MATTHEWS, Plaintiff-Appellant,
v.
Shirley CHATER, Commissioner of Social Security. Defendant-Appellee.
 No. 95-6211.
 United States Court of Appeals, Second Circuit.
 April 1, 1996.
 
 APPEARING FOR APPELLANT: Aaron D. Frishberg, New York, New York.
 APPEARING FOR APPELLEE: Sapna V. Raj, Assistant United States Attorney for the Southern District of New York, New York, New York.
 S.D.N.Y.
 AFFIRMED.
 PRESENT: HONORABLE RICHARD J. CARDAMONE, HONORABLE JOHN M. WALKER, JR., HONORABLE JOSEPH M. McLAUGHLIN, Circuit Judges.
 
 
 1
 Plaintiff-appellant Sadie Matthews, who is proceeding pro se, appeals from an August 14, 1995 judgment of the United States District Court for the Southern District of New York (Koeltl, J.) dismissing her complaint challenging the determination of the amount of her Disabled Widow's Benefits ("DWB") pursuant to section 202(e) of the Social Security Act, 42 U.S.C. § 402(e). On March 11, 1991, plaintiff was found eligible for DWB. On August 3, 1992, plaintiff was notified that her retroactive DWB benefits would be reduced because of her receipt of Supplemental Security Income ("SSI") during the time she was eligible for DWB. Plaintiff requested reconsideration of this initial decision and, by a Notice of Reconsideration dated June 1, 1994, the initial decision was affirmed. In the Notice, plaintiff was further notified that she had the right to a hearing before an Administrative Law Judge ("ALJ") if she disagreed with the decision. Plaintiff did not request a hearing before an ALJ, but commenced this action on June 27, 1994. The district court dismissed plaintiff's complaint on the ground that plaintiff's failure to exhaust her administrative remedies precluded the court from entertaining her action. We agree.
 
 
 2
 Pursuant to 42 U.S.C. § 405(g), an individual must obtain a "final decision of the Secretary" before judicial review of Social Security benefit determinations is granted. The requirement of a "final decision" has two components: (1) a jurisdictional, non-waivable requirement that a claim for benefits has been presented to the Secretary, and (2) a waivable requirement that the administrative remedies prescribed by the Secretary have been exhausted. City of New York v. Heckler, 742 F.2d 729, 734 (2d Cir.1984), aff'd sub nom. Bowen v. City of New York, 476 U.S. 467 (1986). Although plaintiff has satisfied the first requirement by presenting her claim for benefits to the Secretary, she has failed to satisfy the second requirement.
 
 
 3
 Because the plaintiff did not seek a hearing before an Administrative Law Judge requesting reconsideration of her claim before commencing this civil action, the complaint was properly dismissed for lack of subject matter jurisdiction. Both the Commissioner of Social Security and the District Court declined to waive the exhaustion requirement in this case. See id. at 736. Judicial waiver is appropriate where a plaintiff's legal claims are collateral to the demand for benefits, where exhaustion would be futile, or where irreparable harm would result. Smith v. Schweiker, 709 F.2d 777, 780 (2d Cir.1983) (citing Mathews v. Eldridge, 424 U.S. 319, 330-31 (1975)). None of these conditions was satisfied, and the district court therefore correctly concluded that there is no basis upon which to make an exception to the general rule requiring a plaintiff to obtain a final decision before seeking judicial review. Moreover, the Commissioner has agreed to treat the complaint filed in this case as a protective filing for a hearing before an Administrative Law Judge. After she has exhausted her administrative remedies, she may file her action in this court.
 
 
 4
 For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.